IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BOARD OF TRUSTEES, | ) | |
| NAT'L STABILIZATION AGREEMENT | ) | |
| OF THE SHEET METAL INDUSTRY | ) | |
| TRUST FUND, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1-14-cv-00097-LMB-TRJ |
| | ) | |
| AKS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>REPORT AND RECOMMENDATION</u>

This matter comes before the court on plaintiffs' Motion (no. 11) for Default Judgment

against defendants AKS, LLC, Cheryl Ann Olsen,[1] and Ashley Kacsmar[2] for failing to make

contributions pursuant to a collective bargaining agreement in violation of 29 U.S.C. § 185(a)

and the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1145,

1132(g)(2)(A)-(D).  To date, defendants have not filed a responsive pleading to the complaint

and the Clerk entered default as to all the defendants on May 12, 2014.  Pursuant to 28 U.S.C. §

636(b)(1)(C), the action has been referred to the undersigned magistrate judge.  Based on

plaintiffs' memorandum in support and exhibits attached thereto, the magistrate judge

recommends that default judgment be entered against defendants in the total amount of

$14,805.74.

---

[1] Cheryl Ann Olsen, a/k/a Cheryl Ann Kacsmar, a/k/a Cheryl Ann Kacsmar-Olsen ("Olsen").  Compl. ¶14.
[2] Ashley Kacsmar, a/k/a Ashley Pawlyzyn, a/k/a Ashley Pawlyzyn Olsen ("Pawlyzyn").  Compl. ¶14.

## I. INTRODUCTION

### A. Procedural Background

On January 29, 2014, plaintiffs filed this action against defendants for breach of contract and an ERISA violation.  No. 1.  Process was served upon the corporate defendant AKS, LLC via a private process server on its registered agent.  No. 4.  A complaint and summons were served with a person of suitable age at the residences of Olsen and Kacsmar on March 18, 2014 and March 29, 2014, respectively.  Nos. 5-6.  Service on defendants was proper under Fed. R. Civ. Pro. 4(e) and 4(h) and 29 U.S.C. §1132(e)(2), which provides that process may be served in any district where defendant resides or may be found.

Defendants have not appeared, answered, or otherwise filed any responsive pleadings in this case.  On May 12, 2014, the Clerk entered default against defendants pursuant to Fed. R. Civ. Pro. 55(a).  No. 10.  Plaintiffs filed their Motion for Default Judgment on June 6, 2014.  No. 11.  On June 19, 2014, counsel for plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of defendants.

### B. Jurisdiction and Venue

Jurisdiction and venue are conferred upon this court by 29 U.S.C. §§ 1132 and 1451. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.  29 U.S.C. § 1132(e)(2).  Moreover, a suit for breach of contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in federal district court, regardless of the amount in controversy or citizenship of the parties.  29 U.S.C. §§ 185(a).

This court has personal jurisdiction over defendant pursuant to the decision in *Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).  Venue is proper in this court under 29 U.S.C. §§ 1132(e)(2), 29 U.S.C. § 185(a) and 28 U.S.C. § 1391(b) as the Funds in question, are administered within the Eastern District of Virginia and a substantial part of the events or omissions giving rise to the cause of action occurred in this district.

## II. <u>STANDARD OF REVIEW</u>

As defendants have not answered or otherwise responded in any manner to the complaint and the Clerk has entered default against them, it is appropriate for the court to enter default judgment against defendants.  Default judgment is appropriate if the well-pled allegations of the complaint establish plaintiff's entitlement to relief, and defendant has failed to plead or defend within the time frames contained in the rules.  *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp.1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55.

By defaulting, a defendant admits plaintiff's well-pled allegations of fact, which then provide the basis for judgment.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)).  *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in complaint); *Marion County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pled facts).  Accordingly, defendants have admitted the well-pled allegations of fact contained in the complaint.

### III. FACTUAL BACKGROUND

Based on the complaint, plaintiffs' Motion for Default Judgment and the supporting memorandum and exhibits, the undersigned makes the following findings of fact.

Plaintiffs are composed of separate and individual Boards of Trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"),[3] Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), National Energy Management Institute Committee ("NEMIC"),[4] and Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT").[5] The plaintiff trustees are the named fiduciaries and plan administrators within the meaning of 29 U.S.C. §§1102(a) and 1002(16).  Compl. ¶¶ 4-6.  Each plaintiff is an individual "fiduciary," within the meaning of 29 U.S.C. §1002(21) of a multi-employer plan.[6]  Compl. ¶¶ 4-6.

The plaintiffs are employee benefit plans and trust funds administered from offices located in Fairfax, Virginia.  Compl. ¶ 8.  Defendant, AKS, LLC, is an unincorporated business located in New Jersey and operated by the individual defendants Cheryl Ann Olsen and Ashley Kacsmar who are general partners and/or owners of the defendant company.  Compl. ¶¶ 14-16.  Defendants are employers in an industry affecting commerce and therefore are employers within the meaning of 29 U.S.C. § 152(2).  Compl. ¶ 14.

Defendants signed a collective bargaining agreement ("Labor Contract") with Local

---

[3] SAMSI, NPF, and ITI are jointly and severally referenced as "ERISA Funds." Compl. ¶ 7.
[4] Plaintiff National Energy Management Institute Committee is a labor management committee established pursuant to the Labor Management Cooperation Act of 1978 and 29 U.S.C. §186(c)(9) and is the principal source of funding for National Energy Management Institute ("NEMI"). National Energy Management Institute Committee and NEMI are jointly or severally referenced as "NEMIC". Compl. ¶ 9.
[5] NPF, ITI, NEMIC and SMOHIT are jointly referred to as "National Funds" and together with SASMI as "Funds" or "Plaintiffs".
[6] *See* 29 U.S.C. §§1002(37),(1).

Union 28 of the International Association of Sheet Metal, Air, Rail and Transportation Workers

f/k/a Sheet Metal Workers' International Association ("Union") which represent employees

employed by defendants.  *See* Compl. ¶¶ 17-18; No. 11, Ex. 1, Shaw ¶ 4; Ex.[7] 10.  Defendants

agreed to abide by the terms of the agreements and declarations of trust of the ERISA Funds

("Trust Agreements").  Compl. ¶ 19.  Under the terms and conditions of the Labor Contract,

Trust Agreements and adopted rules and regulations, defendants were obligated to make full and

timely payments to the funds and file monthly remittance reports and corresponding fringe

benefit contributions to the Funds.  Compl. ¶¶ 20-25; No. 11, Shaw ¶ 4; Ex. 10, pgs. 43-45.

The Labor Contract and Funds' documents which are incorporated into the Labor

Contract, including the Sheet Metal Workers' National Pension Fund Trust Document ("Pension

Fund Trust Document"), and the National Stabilization Agreement of the Sheet Metal Industry

Trust Fund Amended Rules and Regulations ("SASMI Rules") provide express contractual rules

on payment and remedies for a delinquency including liquidation damages and interest.  *See*

Compl. ¶20-23; No. 11, Shaw ¶ 4; Pension Fund Trust Document, Article V, Section 2; Ex. 4,

SASMI Rules, Articles II—IV.

During the period of May 2013 through July 2013, defendants employed persons on

whose wages and hours worked they were required to submit remittance reports and

contributions to the ERISA Funds.  Compl. ¶ 28.  Defendants failed to make payment of

contributions, interest and liquidated damages to the Funds in violation of ERISA and the Labor

Contract and Trust Agreement.  Compl. ¶¶ 28-29.

## IV. DISCUSSION AND FINDINGS

Plaintiffs bring two counts against defendants for an ERISA violation and breach of

---

[7] Unless otherwise stated, ("ex.") refers to exhibits attached to plaintiff's memorandum in support of default
judgment (No. 11).

contract.  The magistrate judge finds that the well-pled facts of the complaint and plaintiffs'

memorandum in support of default judgment and exhibits establish that defendants failed to

make contributions to the Funds in accordance with the Labor Contract and Trust Agreements

both in violation of their contractual obligations and Section 515 of ERISA, 29 U.S.C. § 1145

and are therefore entitled to default judgment in the total amount of $14,805.74.

      First, the magistrate judge finds that the individual defendants are jointly and severally

liable with the defendant company for all amounts owed to the plaintiffs.  Plaintiffs have

represented that based upon a certification from the New Jersey Secretary of State website

defendant company's limited liability corporation status has been dissolved.  Mem. for Mot. Def.

J. at pg. 5.  Defendant Cheryl Ann Olsen and Ashley Kacsmar have carried on the business of the

company and are general partners of unincorporated defendant company AKS, LLC.  Compl. ¶¶

15-16.  Accordingly, the magistrate judge finds that since the individual defendants are sole

proprietors of the business, they are personally liable for the business debts including all

contributions, damages, and costs owed by defendant company to the Funds.

      Second, the magistrate judge finds that plaintiffs are entitled to judgment for the amounts

due under the collective bargaining agreement pursuant to 29 U.S.C. §185 and ERISA which

provide for separate and overlapping relief.  The collective bargaining agreement for the

defendants incorporates the trust agreements which contain express contractual rules on payment

and remedies for collection and delinquency that apply to all of the plaintiffs.  *See* No. 11, Ex.

10, Labor Contract, Sections 21-28, pgs. 43-48.

      The magistrate judge finds that defendants have breached the relevant labor contracts and

therefore the Funds are entitled to relief for that breach.  Defendants were bound to a series of

Labor Contracts with Local 28 and the terms and conditions of the trust agreements and rules

established by the Funds.  *See* Compl.¶¶ 21-2; No. 11, Shaw ¶ 4; Exs. 2, 3, 4 and 10.  The

contract and incorporated documents provide for payment of contributions, interest, liquidated

damages and attorneys' fees and costs on delinquent contributions.  *Id.*

     29 U.S.C. § 185(a)[8] provides federal jurisdiction to redress a breach of such contracts at

issue and provides a separate basis for relief, but overlaps with the statutory remedies provided

for by ERISA Section 502(g) which allows a plan to set interest or liquidated damages that differ

from the statutory default rules.  *Bugher v. Feightner*, 722 F.2d 1356, 1359 (7th Cir. 1983)

(explaining that 29 U.S.C. § 185 continues to provide a separate basis for relief to the Fund, as

the enforcement provisions of ERISA were "intended to supplement rather than supersede the

rights existing under 29 U.S.C. § 185(a)").

     Also, the magistrate judge finds that defendants are in violation of ERISA for failure to

make contributions owed to the Funds.  Section 515 of ERISA, 29 U.S.C. §1145[9] provides a

statutory mechanism to enforce contribution obligations in a collective bargaining agreement.

ERISA Section 502(g) provides for recovery of interest, liquidated damages and attorney fees

and costs in addition to the delinquent contributions owed to the Funds.  29 U.S.C. §1132(g)(2).

## A. Contributions

     The magistrate judge finds that defendants have failed to make timely contribution

payments for the period of May 2013 through July 2013 in the amount of $6,191.50 to the Funds

in violation of their contractual obligations and ERISA.  *See* No. 11, Shaw ¶ 8; Compl. ¶ 32; Ex.

---

[8] "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  29 U.S.C. § 185(a).

[9] Section 515 of the Employee Retirement Income Security Act provides that "every employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with . . . such agreement. " 29 U.S.C. § 1145.

2.  Under the Labor Contract and incorporated Funds' documents, defendants were required to submit monthly remittance reports and pay contributions to the Funds for time worked by their covered employees but failed to do so for the relevant period.  *See* No. 11, Shaw ¶ 4; Ex. 2.

## B. Pre-Judgment Interest

The magistrate judge finds that plaintiffs are entitled to interest pursuant to the labor contract documents and under ERISA.  Interest is a mandatory award under ERISA and is calculated "using the rate provided under the plan, or if none, the rate prescribed under section 6621 of Title 26" from the date the contributions became due.  29 U.S.C. 1132(g)(2)(B).  Here, the labor contract sets a rate of interest on a delinquency that is different from ERISA.  The interest rate is set by the rules of the National Funds and SASMI that are incorporated into the collective bargaining agreement which both set forth the interest rate on delinquent contributions at a rate of 0.0233% per day, compounded daily which is the equivalent of a nominal annual percentage rate of eight and one-half percent (8.5%).  *Se*e No. 11, Ex. 2, Pension Fund Trust Document, Article V, Section 2(c); Ex. 4, SASMI Rules, Article II, Section 2; Shaw ¶¶ 6-7. Also, plaintiffs NPF, ITI, and SASMI have adopted a rule that "interest on unpaid contributions shall be determined by using the rate provided under the plan," 29 U.S.C. §1132(g), which is an annual rate of 8.5% compounded daily.  No. 11, Ex. 3.

## C. Post-Judgment Interest

Post-judgment interest on the contract claims differs from the statutory default under 28 U.S.C. §1961.  *O'Tool v. Genmar Holdings, Inc.*, 387 F.3d 1188, 1207 (10th Cir. 2004) (". . . plaintiffs and defendants were free to contract for an interest rate other than that specified in 28 U.S.C. § 1961").  As this court noted in *Nat'l Stabilization Agreement of the Sheet*

*Metal Indus. Trust Fund v. Indiana Panel & Glass Erectors, Inc*., 2008 WL 4966896 at *3 and

n.4, the contract interest "[for both the national [Sheet Metal] funds and SASMI, ... is calculated

... from the date contributions became due until the date of actual payment and at a rate of eight

and one-half percent (8.5%)." Here, the contract adopts the plan rate of 0.0233% per day,

compounded daily from the original due date until they are paid and accordingly, this rate

continues as the post-judgment interest rate. No. 11, Ex. 2, Art. V. As for the post judgment

interest on the ERISA claim, the statutory default applies which is governed by 28 U.S.C. §

1961.

### D. Liquidated Damages

The magistrate judge finds that plaintiffs are entitled to liquidated damages in the total

amount of $1,238.30. Here, the Funds have adopted the "safe harbor" ERISA rate as the rate for

contractual liquidated damages. Compl. ¶¶ 21-22. Section 502(g)(2)(C) of ERISA, 29 U.S.C. §

1132(g)(2)(C) provides for liquidated damages on unpaid contributions in "an amount equal to

the greater of (i) interest on the unpaid contributions; or (ii) liquidated damages provided for

under the plan in an amount not in excess of 20 percent (or such higher percentage as may be

permitted under Federal or State law) of the amount determined by the court. . . ." Accordingly,

liquidated damages are calculated here at the rate of twenty percent (20%) of the delinquent

contributions that are unpaid as of the commencement of the litigation which totaled $6,191.50

for work performed in May 2013 through July 2013. Compl., Ex. 2.

### E. Attorneys' Fees and Costs

The Labor Agreement, the Pension Fund Trust Documents, SAMSI Rules, and 29 U.S.C.

§ 1132(g)(2) (ERISA § 502(g)(2)) provide for payment of reasonable attorneys' fees and costs

incurred. *See* No. 11, Ex. 2, Pension Fund Trust Document, Article V, Section 2(d); Ex. 4,

SASMI Rules, Article III; Ex. 10, Labor Contract.  The magistrate judge finds that plaintiffs are entitled to reasonable attorneys' fees and costs in the total amount of $6,927.61 based on plaintiffs' counsel declaration, affidavit, and exhibits[10] which reflect the fees and costs incurred in connection to this matter.   No. 11, Exs. 6,7.  The magistrate judge has examined the record and finds that the total amount of attorneys' fees and costs is reasonable compensation for work and costs necessarily expended to enforce plaintiffs' rights.

Based on the foregoing, the magistrate judge finds that defendants owe the following amounts to plaintiffs:

| Funds | Contributions[11] | Interest[12] | Liquidated Damages | Legal Costs and Fees | TOTAL |
|---|---|---|---|---|---|
| NPF | $5,055.68 | $366.09 | $1,011.14 | $5,749.92 | *$12,182.83* |
| ITI | $51.24 | $3.71 | $10.24 | $0.00 | *$65.19* |
| NEMIC | $12.81 | $0.93 | $2.57 | $0.00 | *$16.31* |
| SMOHIT | $8.54 | $0.61 | $1.70 | $0.00 | *$10.85* |
| SASMI | $1,063.23 | $76.99 | $212.65 | $1,177.69 | *$2,530.56* |
| TOTAL | *$6,191.50* | *$448.33* | *$1,238.30* | *$6,927.61* | *$14,805.74* |

## V. RECOMMENDATION

The magistrate judge recommends that default judgment be entered against defendants AKS, LLC, Cheryl Ann Olsen, and Ashley Kacsmar in favor of plaintiffs, in the total amount of $14,805.74 including post-judgment interest as specified above.

## VI. NOTICE

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendants at their address for service of process, the parties are notified as

---

[10] Declaration of Jessica L. Reynolds. Esquire.  No. 11, Ex. 6.  Jennings Sigmond, P.C. Itemization of Legal Fees and Costs.  No. 11, Ex. 7.
[11] Contributions are calculated for the period of May 2013 through July 2013.
[12] Calculated through May 19, 2014.

follows.  The parties are advised that objections to this Report and Recommendation, pursuant to

28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within

fourteen (14) days of its service.   A failure to file timely objections to this report and

recommendation waives appellate review of the substance of the report and recommendation and

waives appellate review of a judgment based on this report and recommendation.


 

 

 

_____
/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge


July 7, 2014
Alexandria, Virginia